UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMAR LOGAN,

        Petitioner,                  **No. 04-CV-0536(VEB)**
      -vs-                             **DECISION AND ORDER**

DAVID M. UNGER,

        Respondent.
_____

## I.    Introduction

*Pro se* petitioner Jamar Logan ("Logan" or "petitioner") seeks habeas relief pursuant to 28 U.S.C. § 2254 challenging his conviction following a guilty plea to second degree assault (N.Y. Penal Law § 120.05(8)) in Monroe County Court of New York State Supreme Court. The parties have consented to disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

## II.    Factual Background and Procedural History

Logan was arrested for seriously injuring his five-month-old stepson. The prosecutor offered him a plea bargain pursuant to which he would plead guilty to second degree assault, in exchange for the prosecutor dropping another a misdemeanor charge of failure to register as a sex offender.[1] Logan was promised a sentence of five years in prison and five years post-release supervision. In return, Logan would agree to be sentenced as a second felony offender, with a 1975 conviction from the Commonwealth of Virginia serving as the predicate felony for second

---

[1] "A sex offender's failure to register is punishable as a misdemeanor for the first offense with any subsequent failure to do so constituting a Class D Felony ([N.Y.] Correction Law § 168-t)." *People v. Afrika*, 168 Misc.2d 618, 620, 648 N.Y.S.2d 235, 237 (N.Y. Sup. Ct. 1996).

-1-

offender status. The plea colloquy took place on September 17, 2001, and the trial court accepted Logan's plea of guilty to one count of second degree assault. Sentencing was sent for October 10, 2001.

On October 10, 2001, Logan appeared for sentencing with his trial counsel. At that time, the prosecutor presented Logan with a Second Felony Offender Information ("the Felony Information"). The Felony Information alleged that Logan had been convicted in 1996 of the offense of Committing Indecent Liberties With a Child, a felony in the state of Virginia..[2] The prosecutor offered Logan the opportunity to admit, deny, or remain silent on the issue of whether he was the same person convicted of the crime of Indecent Liberties on June 26, 1996, in Virginia. Logan readily admitted that he was the same person and, furthermore, denied that he had any constitutional challenges to that conviction. The trial court then sentenced Logan to the agreed-upon sentence of five years in prison followed by five years of post-release supervision.

On direct appeal, the Fourth Department affirmed his conviction in the following memorandum decision and order:

> The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence. The further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to challenge a prior felony conviction in Virginia involves matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440. The record does not specify the Virginia statute under which defendant was convicted, and thus we cannot determine whether there is a comparable statute in New York.

---

[2] The Virginia state court records regarding this conviction indicate that, while he was twenty-years-old, Logan had sexual intercourse on two occasions with a girl who was fourteen-years-old. He pleaded guilty to the crime of Indecent Liberties with a Child, and was registered as a sex offender in the Commonwealth of Virginia. The original sentence imposed was five years imprisonment. However, three years of that sentence were suspended, and Logan received four years of probation. *See* Resp't Mem. (citing Resp't Exs. B, C, & D). Based upon the Virginia conviction, Logan also was required to register as a sex offender in New York, which he failed to do.

*People v. Logan*, 2 A.D.3d 1392, 768 N.Y.S.2d 863 (App. Div. 4th Dept. 2003).The New York Court of Appeals denied leave to appeal.

Logan subsequently brought a motion to vacate pursuant to C.P.L. § 440.10 in the trial court alleging that trial counsel was ineffective in failing to challenge the use of the Virginia conviction as a predicate felony. The trial court concluded that Logan had explicitly waived any challenge to the Virginia conviction serving as the predicate felony at the sentencing hearing. The trial court found that the sentence was part of the plea agreement negotiated by trial counsel and the assistant district attorney. Importantly, the agreed-upon sentence evidently contemplated that Logan would be sentenced as a second felony offender based on the Virginia conviction, since the sentence that Logan received as a result of the plea deal was only available to a defendant with second felony offender status. The trial court relied upon N.Y. Penal Law § 70.06 and 70.45 and *People v. Barton*, 200 A.D.2d 888 (N.Y. App. Div. 1994).[3] *See* Resp't Ex. Z-2.[4] In *People v. Barton*, the defendant–like Logan–moved to vacate his negotiated sentence on the ground that his prior out-of-State felony conviction did not qualify as a predicate felony under

---

[3] Penal Law § 70.06(6), which was applicable at the time of Logan's conviction and sentence, provided for a determinate sentence of imprisonment "[w]hen the court has found, pursuant to the provisions of the criminal procedure law, that a person is a second felony offender and the sentence to be imposed on such person is for a violent felony offense, as defined in subdivision one of section 70.02, the court must impose a determinate sentence of imprisonment the term of which must be fixed by the court as follows . . . (c) For a class D violent felony offense, the term must be at least three years and must not exceed seven years . . . ." N.Y. PENAL LAW § 70.06(6) (deemed repealed Sept. 1, 2009, pursuant to L.1995, c. 3, § 74(d)).

[4] New York defines a second felony offender in Penal Law § 70.06. "A second felony offender is a person, other than a second violent felony offender as defined in [Penal Law] section 70.04, who stands convicted of a felony defined in this chapter, other than a class A-I felony, after having previously been subjected to one or more predicate felony convictions as defined in paragraph (b) of this subdivision." N.Y. PENAL LAW § 70.06. "For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply: '(i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed.".

applicable New York law. The trial court had granted Barton's motion, but the Appellate Division reversed, finding that at the time of sentencing, defendant Barton was advised of his right to controvert the predicate felony statement filed by the prosecution, including his right to challenge the constitutionality of the prior conviction. The Appellate Division held that defendant Barton's failure to controvert the use of that prior conviction, or request a hearing in regard thereto, constituted a waiver of his right to challenge that conviction and its validity. Furthermore, the Appellate Division concluded that "the mistake of defendant's counsel, if it indeed was a mistake, in not challenging the predicate felony statement d[id] not rise to the level of ineffective assistance of counsel," since "[c]ounsel negotiated a plea which substantially reduced defendant's exposure to a much more lengthy term of imprisonment[.]" *Id.* (citations omitted).

Following Logan's unsuccessful C.P.L. § 440.10 motion, he instituted the present habeas petition, raising the same contentions he had broached in the state courts–that the Virginia conviction cannot properly serve as a predicate felony, and that his trial counsel was ineffective in allowing him to plead guilty without challenging the validity of the Virginia conviction. Respondent argues that Logan's claims are without merit. For the reasons that follow, I agree that a writ of habeas corpus should not issue with respect to any of Logan's claims.

### III. Discussion

#### A. General Legal Principles

A federal court may entertain a state prisoner's habeas petition only to the extent that it alleges that the prisoner is being held in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Thus, claims arising out of a *state* court sentencing

decision are not normally cognizable on federal habeas review. *Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir.1987), *cert. denied*, 484 U.S. 1014 (1988); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (errors of state law are not grounds for habeas relief) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) (additional citation omitted)); *Hameed v. Jones*, 750 F.2d 154, 160 (2d Cir.1984) (same), *cert. denied*, 471 U.S. 1136 (1985). A claim that a sentence is excessive is cognizable on federal habeas review only if that sentence is outside the range prescribed by state statutory law, *see Townsend v. Burke*, 334 U.S. 736, 741 (1948); *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992) (citation omitted); *Dorszynski v. United States*, 418 U.S. 424, 431 (1974) (a sentence within statutory limitations is not subject to appellate review), or if a legal error "resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty," *Haynes*, 825 F.2d at 924 (citing *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980)) (additional citation omitted)).

### A. Petitioner's Waiver of the Right to Challenge the Predicate Felony Information

A convicted defendant always retains the right to challenge the legality of his sentence. *People v. Seaberg*, 74 N.Y.2d 1, 9 (N.Y. 1989)); *accord*, *e.g.*, *People v. Watson*, 197 A.D.2d 880, 880-81, 602 N.Y.S.2d 471, 472-73 (App. Div. 4th Dept. 1993) ("A defendant cannot be deemed to have waived his right to be sentenced as provided by law [.]") (citations omitted); *McLaurin v. Kelly*, No. 94-CV-1560 RSP/GJD,1998 WL 146282, at *4 (N.D.N.Y. Mar. 27, 1998)). Thus, challenges to the power of the sentencing court to impose a sentence may be raised for the first time on appeal. *People v. Morse*, 62 N.Y.2d 205, 214 n. 2, 465 N.E.2d 12, 15 n. 2, 476 N.Y.S.2d 505, 508 n. 2 (1984) (citation omitted); *accord McLaurin*, 1998 WL 146282, at *4.

However, a convicted defendant does waive all challenges to the "allegations "[5] contained in a predicate felony statement if he does not assert those challenges prior to the imposition of sentence. *McLaurin*, 1998 WL 146282, at *4 (citing *People v. Morse*, 62 N.Y.2d at 214 n. 2 (citing N.Y. CRIM. PROC. LAW §§ 400.15(3), 400.16(2))).

### B.    Propriety of Using the Virginia Conviction as a Predicate Felony

In any event, Logan has not demonstrated that it was improper for the prosecutor and the trial court to rely on his Virginia conviction to serve as the predicate felony for imposing second felony offender status. To qualify as a predicate felony offense for the purpose of sentence enhancement, a prior conviction must have been, in New York state, of a felony, or in any other jurisdiction of any offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death is authorized, and is authorized in New York state. N.Y. PENAL LAW § 70.06(1)(b)(i); *People v. Gonzalez*, 61 N.Y.2d 586, 589 (N.Y. 1984). A sentence of five years was imposed by the court in Virginia, although three years of the sentence was ordered suspended and Logan served four years probation. However, all that is required under Section 70.06(1)(b)(i) is that a sentence in excess of one year is *authorized.* There is no indication that this was not the case here. Furthermore, the facts underlying Logan's conviction for violating Virginia's law against indecent liberties with a child would have support a charge of second degree rape under New York's Penal Law § 130.30, a class D felony. Logan, who was born on

---

[5]      The Northern District noted in *McLaurin* that the "term 'allegations' could be construed to include both factual (i.e. that the defendant was previously convicted of certain offenses) and legal (i.e. that the defendant's prior convictions are legally sufficient to justify sentencing him as a predicate felon) allegations." 1998 WL 146282, at *4. The *McLaurin* court adopted the interpretation that the term only includes factual allegations because to find otherwise would be inconsistent with the principle espoused by courts in New York that a defendant cannot waive the right to challenge the legality of his sentence. *Id.* (citing *People v. Watson*, 602 N.Y.S.2d at 472-73 (citing *People v. Seaberg*, 74 N.Y.2d at 9 (additional citations omitted in original)).

February 18, 1976, was accused by the Virginia authorities of having sexual intercourse with a fourteen-year-old girl on October 15, 1996, when he was twenty years-old. Under New York Penal Law § 130.30, a person is guilty of second degree rape when he is eighteen years or older and engages in sexual intercourse with a person fifteen years old or younger. *See* N.Y. Penal Law § 130.30.

The Virginia conviction for the felony of taking indecent liberties with a child appears to legally have served as a predicate felony conviction for purposes of adjudicating Logan a second felony offender under New York law. Logan has thus shown no impropriety in that regard.

**B.  Petitioner Has Failure to Show Prejudice as a Result of Trial Counsel's Performance**

The Supreme Court has articulated a two-pronged test to evaluate claims of ineffective assistance of counsel in the context of sentencing proceedings, *Strickland v. Washington*, 466 U.S. 668 (1984), which "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under the first prong of the *Strickland* test, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Under the second prong of the *Strickland* test, the petitioner must establish "that the deficient performance [of counsel] prejudiced the defense." *Id.* A defendant seeking to vacate a plea must establish "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

In light of the deferential *Strickland* standard, I further must reject Logan's contention that trial counsel was ineffective in failing to controvert the allegations regarding the Virginia conviction. There is no dispute that Logan received adequate notice and an opportunity to be

heard with respect to the prior conviction, and admitted in open court, with counsel at his side, that the was the individual so convicted. His averments in court greatly undermine his attack on trial counsel's performance. *See People v. Ochs,* 16 A.D.3d 971, 972, 792 N.Y.S.2d 248, 249 (N.Y. App. Div. 3d Dept. 2005) ("In light of defendant's admissions at the plea hearing, we are similarly unpersuaded by his contention that defense counsel's failure to challenge the second felony offender statement constituted ineffective assistance of counsel[.]") (citation omitted)).

Logan pleaded guilty to violating N.Y. Penal Law § 120.05(1), assault in the second degree–a class D felony under New York Law. N.Y. PENAL LAW § 120.05. For a second felony offender convicted of a class D violent felony, the authorized sentence was three to seven years. *See* N.Y. Penal Law § 70.06(6)(c). Although the sentencing ranging for a first-time felony offender for a class D violent felony was an indeterminate term of two to seven years, similar to that for a second felony offender, *see* N.Y. Penal Law § 70.02(3)(c). The plea offered to Logan also disposed of a pending misdemeanor charge for Logan's having failed to register as a sex offender in New York. I cannot find that it was unreasonable for the state court who decided Logan's C.P.L. § 440.10 to conclude that Logan's trial counsel negotiated a favorable plea and sentence for him, given the heinous nature of his crime.[6]

Moreover, Logan fails the second prong of the *Strickland* test, which requires him to show affirmatively that his trial counsel's actions prejudiced his defense. *See Strickland*, 466 U.S. at 693. Specifically, Logan must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at

---

[6] When Logan's five-month-old stepson would not stop crying, Logan smashed fist onto the top of the baby's head and left him. The infant was later discovered by the mother. Logan initially denied involvement in the incident, blaming his young step-daughter for hitting the baby on the head with a hammer. The infant suffered a fractured skull and fractured ribs as a result of Logan's actions.

694. In the context of a plea, the petitioner must establish that, but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill*, 474 U.S. at 59. In the present case, the plea minutes refute petitioner's claim and reflect the intelligent nature of petitioner's plea. Moreover, they contain Logan's own statements admitting to the Virginia conviction that formed the basis of his second felony status. There simply is no evidence whatsoever to suggest that Logan would have gone to trial but for the alleged errors of his trial attorney. Accordingly, Logan's habeas claims attacking his trial counsel's performance are dismissed.

## IV.     Conclusion

For all of the foregoing reasons, petitioner Jamar Logan's petition for a writ of habeas corpus is dismissed. Since Logan has failed to make a substantial showing of a denial of a constitutional right, *see* 28 U.S.C. § 1253(c), no certificate of appealability shall issue.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: June 23, 2009
       Rochester, New York.